IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**VINCENT POOLE,**

            Plaintiff,

v.                                                  CIVIL ACTION NO. 3:22-cv-74
                                                        (GROH)

**STATE OF WEST VIRGINIA,**

            Defendant.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Pending before the Court is pro se Plaintiff Vincent Poole's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that Plaintiff's Complaint lacks jurisdiction as it seeks relief against a defendant who is immune from such relief, the undersigned recommends that Plaintiff's Complaint be DISMISSED, without prejudice, and Plaintiff's Motion to Proceed In Forma Pauperis be DENIED as moot.

### II.    THE COMPLAINT

On April 21, 2022, pro se Plaintiff filed a Complaint against the State of West Virginia for discrimination and emotional distress in violation of Plaintiff's civil and constitutional rights under 42 U.S.C. § 1983. Plaintiff's factual allegations are largely

---

[1] This Motion was referred to the undersigned by order on April 25, 2022. ECF No. 4.

incomprehensible and rambling, but Plaintiff appears to make vague references to state corruption, due process violations, a state criminal conspiracy, malicious prosecution, judicial conflicts of interest, and abuses of power. As to the relief requested, Plaintiff seeks a trillion dollars in compensatory damages against the State of West Virginia for emotional distress as well as an award of punitive damages. It also appears that Plaintiff is requesting injunctive relief, including, a law enforcement investigation and personal protection for Plaintiff and his family.

### III.     LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with the request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. Furthermore, if a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court").

When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts must read pro se allegations in a liberal fashion and hold those pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "the requirement of liberal construction does not mean that the court can ignore a clear failure . . . to allege facts which set forth a claim currently cognizable" in federal court. Gamache v. F.B.I., 2011 WL 4966281, at *1 (D.S.C. Apr. 19, 2011).

### IV.  DISCUSSION

Plaintiff has brought suit against the State of West Virginia under 42 U.S.C. § 1983. The undersigned need look no further than the party being sued to determine that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction. Plaintiff's claims for monetary and injunctive relief against the State of West Virginia are barred by the principle of sovereign immunity found in the Eleventh Amendment of the United States Constitution.

"Because of its jurisdictional nature, a court ought to consider the issue of Eleventh Amendment immunity at any time, even *sua sponte*." Suarez Corp. Indus. v. McGraw, 125 F.3d 222, 227 (4th Cir.1997); see also Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 238 (2d Cir. 2006) (noting that "lower courts may raise the issue of Eleventh Amendment immunity *sua sponte*" even though they are not required to do so) (citing Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998)).

The Eleventh Amendment provides that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the ... States" by citizens of another State, U.S. Const. amend. XI, and (as interpreted) by its own citizens. Port. Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (2009). Thus, by its terms, the Eleventh Amendment bars "any suit in law or equity" brought by individuals against nonconsenting states, regardless of the nature of a claim or the type of relief sought. U.S. Const. amend. XI; see Pennhurst State Sch. v. Halderman, 465 U.S. 89, 100-101 (1984) (finding the nature of the requested relief irrelevant to the sovereign immunity question); Corn v. Mississippi Dep't of Pub. Safety, 954 F.3d 268, 275 (5th Cir. 2020) (holding that sovereign immunity precluded the plaintiffs from seeking injunctive relief in § 1983 action against arm of the state).

However, the Supreme Court has articulated three narrow exceptions to Eleventh Amendment sovereign immunity. Lee-Thomas v. Prince George's Cnty. Pub. Sch., 666 F.3d 244, 248-49 (4th Cir. 2012). First, a state can waive its immunity. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985) ("[I]f a State waives its immunity and consents to suit in federal court, the Eleventh Amendment does not bar the action.").

Second, Congress may, in particular circumstances, abrogate a state's immunity. See Fitzpatrick v. Bitzer, 427 U.S. 445 (1976) (holding that Congress can make states liable to suit in federal court pursuant to statutes adopted under § 5 of the Fourteenth Amendment); Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001) ("Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and act[s] pursuant to a valid grant of constitutional authority."). As to the third and final exception, known as the Ex Parte Young exception, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004) (citing Ex Parte Young, 209 U.S. 123 (1908)).

In the instant case, there is no question that the abrogation and Ex Parte Young exceptions are inapplicable to save Plaintiff's claims against the State of West Virginia. First, due to an insufficient indication of an express congressional desire to make state governments liable under 42 U.S.C. § 1983, the Supreme Court has held that § 1983 does not abrogate Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332, 340 (1979). Second, to the extent that Plaintiff seeks compensatory and punitive monetary damages against the State of West Virginia, the Ex Parte Young exception is inapplicable. See Edelman v. Jordan, 415 U.S. 651 (1974) (holding that the Eleventh Amendment prevents a federal court from awarding damages to compensate past injuries when those damages will be paid by the state treasury). Further, the Ex Parte Young exception is also unavailable to the extent Plaintiff seeks any prospective injunctive relief because he has sued the State itself rather than a proper state official. See McBurney v. Cuccinelli, II, 616 F.3d 393, 399 (4th Cir. 2010) (noting that a state

officer must be named under the Ex Parte Young exception and that the officer must have "proximity to and responsibility for the challenged state action" before the exception can be invoked).

The state waiver exception requires a more extended analysis yet is similarly unavailable to Plaintiff. As explained above, a state may waive its sovereign immunity and consent to suit in federal court. Such consent must be expressly and unequivocally made. Feeney, 495 U.S. at 305. The State of West Virginia has waived its sovereign immunity by state statute and consented to suit in *state* court to the extent it has authorized the State Board of Risk and Insurance Management to procure liability insurance providing coverage of all State "property, activities and responsibilities." See W.Va. Code § 29-12-5(a). Thus, the State may be sued in *state* court as long as recovery is sought under and up to the limits of the State's liability insurance coverage. See Arnold Agency v. West Virginia Lottery Com'n, 206 W.Va. 583, 526 S.E.2d 814 (1999); Parkulo v. West Virginia Bd. of Probation and Parole, 199 W.Va. 161, 483 S.E.2d 507 (1997); Pittsburgh Elevator Co. v. West Virginia Bd. of Regents, 172 W.Va. 743, 310 S.E.2d 675 (1983).

Here, however, Plaintiff has sued the State of West Virginia in *federal* court where the State has not consented to be sued. See Price v. W. Virginia Air Nat'l Guard, 130TH Airlift Wing, 2016 WL 3094010, at *2–3 (S.D.W. Va. June 1, 2016) (holding that insurance provisions contained in the West Virginia Code provide a limited waiver of the State's sovereign immunity in state courts; however, that waiver does not extend to suits brought against the State in federal court). Thus, the waiver exception does not apply, and the immunity provided by the Eleventh Amendment remains intact as a bar to suing

the State of West Virginia in federal court. Accordingly, Plaintiff's claims for monetary and injunctive relief against the State of West Virginia should be DISMISSED, without prejudice, for lack of subject matter jurisdiction.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned finds that Plaintiff's Complaint lacks subject matter jurisdiction as the State of West Virginia is immune from suit. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT.**

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable GINA M. GROH, United States District Judge. **Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record, if any, as

provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

**DATED:** May 11, 2022

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE